# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PetroQuest Energy, Inc., *et al.*, | Case No. 24-12609 (CTG) |
| Debtors.[1] | (Jointly Administered) |
| | **Obj. Deadline: February 18, 2025 at 4:00 p.m. (ET)**<br>**Hearing Date: February 25, 2025 at 1:00 p.m. (ET)** |

## DEBTORS' FIRST OMNIBUS MOTION
## FOR ENTRY OF AN ORDER (I) AUTHORIZING REJECTION
## OF CERTAIN EXECUTORY CONTRACTS, AND (II) GRANTING RELATED RELIEF

**PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR
NAMES AND THEIR AGREEMENTS LISTED ON EXHIBIT 1
TO THE PROPOSED ORDER ATTACHED HERETO.**

PetroQuest Energy, Inc. and the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), seeking relief under sections 105(a) and 365(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing the Debtors to reject the Agreements (as defined below) identified on **Exhibit 1** to the Proposed Order, and (ii) granting related relief. In further support of the Motion, the Debtors respectfully state as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PetroQuest Energy, Inc. (0714), PetroQuest Energy, L.L.C. (2439), PetroQuest Oil & Gas, L.L.C. (1170), and PQ Holdings LLC (7576). The location of the Debtors' corporate headquarters and the Debtors' service address in these chapter 11 cases is 400 E. Kaliste Saloom Road, Suite 5200, Lafayette, LA 70508.

District of Delaware dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b) and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Debtors consent to the entry of a final order by the Court in connection with the Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006.

## BACKGROUND

### I. The Chapter 11 Cases

4. On November 13, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief in this Court, commencing cases (the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been requested in the Chapter 11 Cases, and no committee has been appointed.

5. The Debtors are an independent oil and gas company headquartered in Lafayette, Louisiana. The Debtors are engaged in the exploration, development, acquisition and operation of oil and gas properties in Texas and Louisiana.

6. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these Chapter 11 Cases, is set forth in detail in the *Declaration of Angelle Perret in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 16] filed on the Petition Date.

**II.      The Sale Processes**

7. On January 2, 2025, the Court entered the *Order (I) Authorizing the Private Sale of Certain De Minimis Oil and Gas Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (II) Authorizing the Debtors to Designate One or More Purchasers, and (III) Granting Other Related Relief* [Docket No. 193] (the "First Sale Order").

8. On February 3, 2025, the Court entered the *Order (I) Approving the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances, (II) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [Docket No. 293] (together with the First Sale Order, the "Sale Orders").

9. In accordance with the Sale Orders, the Debtors anticipate that substantially all of their assets will be sold (the sales of the Debtors' assets, collectively, the "Asset Sales") in the first quarter of 2025.

**III.      The Agreements**

10. The Debtors are parties to various agreements related to operations in Vermilion Parish, Louisiana, and Iberia Parish, Louisiana (together, to the extent applicable, with all exhibits, appendices, supplements, documents, and agreements ancillary thereto, in each case as amended, modified, or supplemented from time to time, the "Agreements"), as set forth on Exhibit 1 to the Proposed Order. The Debtors have determined that (a) the Agreements are not necessary for the completion of the Asset Sales, and (b) continued performance under the Agreements would materially harm the value of the Debtors' estates.

**RELIEF REQUESTED**

11. By this Motion, the Debtors respectfully request entry of an order, substantially in the form of the Proposed Order attached as **Exhibit A**: (i) authorizing the Debtors to reject the Agreements, including, to the extent applicable, all exhibits, appendices, supplements, documents,

and agreements ancillary thereto, in each case as amended, modified, or supplemented from time to time, and (ii) granting related relief.

## BASIS FOR RELIEF

**I. Rejection of the Agreements Reflects a Sound Exercise of the Debtors' Business Judgment**

12. Section 365(a) of the Bankruptcy Code provides that a debtor may, with court approval, assume or reject an executory contract or unexpired lease. 11 U.S.C. § 365(a). In determining whether to approve a debtor's request to assume or reject an executory contract or unexpired lease, courts generally defer to the debtor's business judgment. *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts to authorize the rejection of an executory contract is that of "business judgment"); *see also In re Taylor*, 913 F.2d 102 (3d. Cir. 1990); *In re Buckhead Am. Corp.*, 180 B.R. 83 (Bankr. D. Del. 1995).

13. Courts generally will not second guess a debtor's business judgment concerning the rejection of an executory contract or unexpired lease. *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("A debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim or caprice." (internal quotations omitted)). The "business judgment" test is not a strict standard; it merely requires a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *N.L.R.B. v. Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3rd Cir. 1982) (noting that the "usual test for rejection of an executory contract is simply whether rejection would benefit the estate") *aff'd*, 465 U.S. 513. Further, "[s]ection 365 enables the [debtor] to maximize the value of the debtor's estate by assuming executory contracts and unexpired leases that benefit the estate and rejecting those that do not." *L.R.S.C. Co. v. Rickel Home Ctrs., Inc. (In re Rickel Home Ctrs.,*

4

*Inc.)*, 209 F.3d 291, 298 (3d Cir. 2000); *see also Stewart Title Guaranty Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (section 365 of the Bankruptcy Code "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed").

14. Under the circumstances, the rejection of the Agreements is an appropriate exercise of the Debtors' business judgment that will reduce financial, administrative, and other burdens on the Debtors' estates. The Debtors are in the process of selling substantially all of their assets and will have no financial or operational wherewithal to continue to perform under the Agreements. Further, the Agreements are financially burdensome to the Debtors and have no marketable value that could be generated through assumption and assignment. Accordingly, the Debtors' continued performance under the Agreements would constitute an unnecessary depletion of value of the Debtors' estates. For these reasons, the Court should authorize the Debtors to reject the Agreements.

## II. The Motion Complies with Bankruptcy Rule 6006(f)

15. Bankruptcy Rule 6006(f) establishes requirements for a motion to reject multiple executory contracts or unexpired leases that are not each between the same parties. Bankruptcy Rule 6006(f) states, in part, that such a motion shall:

  a. state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

  b. list parties alphabetically and identify the corresponding contract or lease;

  c. be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

  d. be limited to no more than 100 executory contracts or unexpired leases.

Fed. R. Bankr. P. 6006(f).

16. By this Motion, the Debtors seek to reject less than 100 executory contracts. Further, the Debtors respectfully submit that this Motion complies with all the requirements of Bankruptcy Rule 6006(f).

## **NOTICE**

16. Notice of this Motion will be given to: (i) the U.S. Trustee; (ii) counsel to the Debtors' prepetition and DIP lenders; (iii) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (iv) the Counterparties to the Agreements; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002.

## **NO PRIOR REQUESTS**

17. No prior request for the relief sought in this Motion has been made to this or any other Court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of the Proposed Order attached as **Exhibit A**, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: February 5, 2025
Wilmington, Delaware

**COLE SCHOTZ P.C.**

*/s/ Melissa M. Hartlipp*
Patrick J. Reilley (No. 4451)
Melissa M. Hartlipp (No. 7063)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
preilley@coleschotz.com
mhartlipp@coleschotz.com

-and-

Daniel F.X. Geoghan (admitted *pro hac vice*)
Jacob S. Frumkin (admitted *pro hac vice*)
Daniel J. Harris (admitted *pro hac vice*)
1325 Avenue of the Americas, 19th Floor
New York, NY 10019
Telephone: (212) 752-8000
Facsimile: (212) 752-8393
dgeoghan@coleschotz.com
jfrumkin@coleschotz.com
dharris@coleschotz.com

*Counsel for Debtors and Debtors-in-Possession*